NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3542
_____

UNITED STATES OF AMERICA

v.

KELVIN L. JONES,
            Appellant
_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 2-10-00366-001)
District Judge: Honorable William H. Walls
_____

Submitted Under Third Circuit LAR 34.1(a)
November 13, 2012

Before:  RENDELL, FUENTES and CHAGARES, Circuit Judges

(Opinion Filed: December 12, 2012)
_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

Kelvin Jones appeals his conviction on one count of conspiracy to commit armed

robbery in violation of 18 U.S.C. § 1951(a), one count of armed robbery in violation of

18 U.S.C. § 1951(a), one count of possession of a firearm in furtherance of a crime of

violence in violation of 18 U.S.C. § 924(c)(1)(A)(i), and one count of conspiracy to

transport stolen goods in interstate commerce in violation of 18 U.S.C. § 2314. Jones contends that the District Court erred in failing to reopen an evidentiary hearing regarding a search of his jail cell before trial, and that the District Court constructively amended the firearm charge through its instructions to the jury. We will affirm.

## I. Factual Background and Procedural History

Jones was arrested and indicted in connection with the February 9, 2010 robbery of a Carlstadt, New Jersey perfume warehouse. Pending trial, Jones was housed in the Hudson County Correctional Facility ("HCCC") with his co-conspirators. Shortly thereafter, the U.S. Attorney's Office was notified by counsel for one of the co-conspirators that Jones had passed a note to a co-conspirator, instructing him to attest to a statement falsely exculpating Jones of the crime in exchange for payment. Consequently, the U.S. Attorney's Office contacted Supervisory Deputy United States Marshal ("SDUSM") Wanda Griffin about relocating Jones within the prison.

On October 14, 2010, Jones's counsel notified the U.S. Attorney's Office that Jones had been moved to a new cell and that jail officials had searched his cell and removed certain documents. According to Jones, these documents were protected by the attorney-client privilege because they contained defense trial strategy. The U.S. Attorney's Office informed Jones that neither it nor any other federal investigative agency was in possession of the documents at issue, and that the government only learned of the search from defense counsel's notification.

On October 18, 2010, prior to trial, Jones filed a "Motion Seeking Emergent Relief," stating that he was told by jail officials that the search was "at the instruction

2

and/or request of federal agents" and requesting an inquiry into the origins of the search and any dissemination of the seized documents. On October 28, 2010, the District Court convened such a hearing, at which the government called two witnesses: Lt. Michael Rivera of the HCCC and SDUSM Griffin. Lt. Rivera testified that Jones's cell was searched pursuant to an administrative policy of the jail and that no federal official had requested the search. Lt. Rivera also testified that one Sgt. Levine was present at the time the documents were confiscated.

Jones testified at the hearing that he heard from ten jail officials that the order to search his cell came from one Sgt. Ford, a jail official, who received the order from the U.S. Marshal's office. Based on all of this testimony, the District Court ruled that there was no violation of Jones's constitutional rights that would warrant further investigation into the circumstances of the search and that Jones was "fishing" for grounds. At trial, a jury found Jones guilty of all counts.

On August 15, 2011, after the verdict but before sentencing, Jones filed a second "Motion Seeking Emergent Relief" requesting that the District Court reopen the matter of the search of Jones's cell. Defense counsel represented that he had spoken with Sgt. Levine of HCCC, and that she was available to testify that she was not present at the search of Jones's cell and that Lt. Rivera's testimony regarding jail-search procedures was incorrect. Counsel requested that the District Court reopen the hearing, require Lt. Rivera and Sgt. Ford to testify, and order the government to produce emails between the U.S. Attorney's Office and SDUSM Griffin regarding the search. Counsel also offered to submit to the District Court *in camera* Jones' privileged notes for the District Court to

compare to government-produced Jencks material and the trial testimony of certain witnesses, to show how witness statements changed in anticipation of Jones' strategies.

The District Court ruled that there was not a constitutional violation of Jones's rights that would lead it to set aside a jury verdict that was based on "overwhelming evidence" against Jones. The District Court stated that there was not a "scintilla of evidence" connecting Jones's documents to the government, and that Sgt. Levine's testimony contracting other jail officials' testimony about jail-search procedures was insufficient to reopen the hearing. Jones appealed.

## II. Discussion

### A. Refusal to Reopen Evidentiary Hearing

Jones contends that the District Court erred in failing to reopen the October 28 evidentiary hearing in light of new evidence he obtained regarding HCCC's procedures for searching inmates' cells.

We review a District Court's decision to hold an evidentiary hearing for abuse of discretion. *United States v. Hines*, 628 F.3d 101, 104-05 (3d Cir. 2010). In order to obtain an evidentiary hearing regarding alleged constitutional violations, a defendant must demonstrate a "colorable claim" for relief. *United States v. Voigt*, 89 F.3d 1050, 1067 (3d Cir. 1996). Such a claim requires more than "mere bald-faced allegations of misconduct." *Id.*

Jones based his request to reopen the evidentiary hearing on alleged discrepancies in testimony about the jail's administrative procedures or lack thereof. He provided no new evidence suggesting that the prosecution obtained or used his privileged documents.

This was not a sufficient showing to reopen the evidentiary hearing. Accordingly, the District Court did not abuse its discretion to deny the reopening of the evidentiary hearing.

## B. Constructive Amendment of Firearm Charge

Jones also argues that the District Court constructively amended the indictment by giving an incorrect jury instruction on the charge of possessing a firearm in furtherance of the warehouse robbery. Jones contends that the District Court erroneously instructed the jury that it needed to find that Jones carried a firearm "during and in relation to" the robbery, when the District Court should have instructed the jury that it needed to find that he carried a firearm "in furtherance" of that crime, in accordance with the indictment. Because Jones himself proposed the instruction given by the District Court, the invited error doctrine prevents him from challenging on appeal the instruction given to the jury. *United States v. Holmes*, 607 F.3d 332, 335 (3d Cir. 2010); *United States v. West Indies Transport, Inc.*, 127 F.3d 299, 311 (3d Cir. 1997). We accordingly decline to consider whether the instruction effected a constructive amendment.

## III. Conclusion

For the foregoing reasons, we will affirm the decision of the District Court.